FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 JUN -3 AM 10: 23

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



UNITED STATES OF AMERICA,

    Plaintiff,

v.

WATERSIDE CAPITAL
CORPORATION,

    Defendant.

8:14mc44

CIVIL ACTION NO.: 2:13cv653

## COMPLAINT FOR RECEIVERSHIP UNDER 15 U.S.C. § 687c, PERMANENT INJUNCTIVE RELIEF AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is a civil action brought under 15 U.S.C. § 687c by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter "SBA," "Agency," or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

2.     Jurisdiction is conferred on this Court by virtue of Sections 308(d), 311, and 316 of the Small Business Investment Act of 1958, as amended (hereinafter the "Act"), 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3.     Defendant, Waterside Capital Corporation, (hereinafter "Waterside" or "Defendant") is a Virginia corporation and maintains its principal office and/or principal place of business at 2505 Cheyne Walk, Virginia Beach, Virginia 23454.

4. Waterside was licensed by SBA as a Small Business Investment Company, SBA license number 03/03-0205.

5. Venue is proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Waterside was licensed by SBA as a Small Business Investment Company ("SBIC" or "licensee") pursuant to Section 301 of the Act, 15 U.S.C. § 681, SBA License No. 03/03-0205, solely to do business under the provisions of the Act and regulations promulgated thereunder.

7. SBICs are intended to advance the interests of small businesses by providing financial assistance to small concerns. 15 U.S.C. § 661.

8. Waterside was approved by SBA as a licensee with its sole business to operate as an SBIC pursuant to the Act.

9. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or

2

Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such licensee.

12. In accordance with Sections 303(a) and 303(b) of the Act, 15 U.S.C. § 683(a) and (b), SBA provided financing to Waterside in the principal sum of $16,100,000 (sixteen million one hundred thousand dollars) through the purchase or guarantee of debentures (hereinafter the "Debentures").

13. The Debentures were expressly subject to and incorporated by reference the Regulations, including, but not limited to, the provisions of 13 C.F.R. §§107.1810 and 107.1830 through 107.1850. Section 107.1810(g)(1) provides that the entire indebtedness of an SBIC to SBA may be declared by SBA to be immediately due and payable upon the happening of certain events of default identified in 13 C.F.R. §107.1810(f), including without limitation capital impairment and failure to make payment.

14. By letter dated May 26, 2009, Waterside was notified that it was in default of the Regulations due to its condition of Capital Impairment and was given 15 days to cure the impairment, but failed to do so. Therefore, SBA determined that Waterside was in violation of 13 C.F.R. §1810(f)(5).

15. By letter dated March 30, 2010, SBA notified Waterside that Waterside was transferred to liquidation status, and demanded the payment of outstanding principal and interest.

16. SBA and Waterside entered into a Loan Agreement, Secured Note and Security Agreement, all of which were effective September 1, 2010. The Loan Agreement and Secured

Note restructured the Debentures. The Loan Agreement provided that all covenants, agreements, representations and warranties made in it survived the restructuring and the execution of the Secured Note and Security Agreement.

17. Under the Loan Agreement and Secured Note, Waterside promised to repay principal and interest to the SBA on a quarterly schedule. The Loan Agreement provided that if an event of default occurred and remained uncured for thirty days after the date of the letter from SBA, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations of Waterside to SBA would become immediately due and payable without the necessity of demand, presentment, protest or notice upon Waterside, all of which were expressly waived by Waterside.

18. Further, the Loan Agreement provided that, in the event of a default, SBA could choose to file a stipulation and consent judgment and order for receivership executed by Waterside.

19. By letter dated May 24, 2012, SBA notified Waterside that it was in default under terms of the Loan Agreement and Secured Note for failure to make principal and interest payments when due.

20. As a result, SBA accelerated the amounts due and owing under the Secured Note.

21. Waterside is in default of the Loan Agreement and Secured Note.

22. Due to Waterside's default, SBA is authorized under 15 U.S.C. § 687c to institute these proceedings for the appointment of SBA as Waterside's receiver. Waterside through its counsel has already consented to the requested relief.

## COUNT ONE

### DEFAULT

23. Paragraphs 1 through 22 are hereby incorporated by reference as though set forth in their entirety herein.

24. SBA entered into a Loan Agreement, Secured Note and Security Agreement with Waterside effective September 1, 2010.

25. Pursuant to the Loan Agreement and the Secured Note, Waterside promised to repay the amounts due according to a schedule of quarterly payments which included both principal and interest.

26. Waterside failed to make certain payments and therefore is in default of the Loan Agreement and the Secured Note.

27. SBA has accelerated the Secured Note and made demand for payment in full.

28. Waterside is indebted to SBA in the total principal amount of $11,700,000.00 plus interest in the amount of $62,634.58 as of October 31, 2013. The total indebtedness of Waterside to SBA as of October 31, 2013 is $11,762,634.58 and the per diem interest accrual is $2,021.93 for each day after October 31, 2013.

29. The United States of America is entitled to judgment against Waterside in the amount of $11,762,634.58, plus per diem interest accruing after October 31, 2013 and until the entry of judgment at the rate of $2,021.93, and is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

30. The Loan Agreement provides that as a remedy in the event of default SBA may file and enforce a stipulation and consent judgment and order which provides for the appointment of a receiver. A Stipulation for Entry of Consent Order for Receivership and a

Consent Order and Judgment have been executed by counsel for the Defendant.

31. The United States of America is entitled to the appointment of a receiver. The Court should appoint SBA to serve as receiver without bond.

## COUNT TWO

### NON PERFORMANCE OF AN AGREEMENT WITH SBA

32. Paragraphs 1 through 31 are hereby incorporated by reference as though set forth in their entirety herein.

33. Section 107.507 of the Regulations, 13 CFR §107.507(a), provides that failure to comply with the terms of written agreement with SBA is a violation of the Regulations and an event of default.

34. Waterside failed to comply with the terms of the Loan Agreement and Secured Note by failing to make the required payments and therefore violated the Regulations, but failed to cure the event of default.

35. The United States of America is entitled to the appointment of a receiver. The Court should appoint SBA to serve as receiver without bond.

36. The United States of America is entitled to an injunction against Waterside, its officers, agents, employees and other persons acting in concert or participation therewith from: (a) making any disbursements of Defendant's funds; (b) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Defendant, wherever located, without the prior written consent of the receiver; or (c) violating the Act or the Regulations promulgated thereunder.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, prays as follows:

A.  That pursuant to 15 U.S.C. § 687c, this Court take exclusive jurisdiction of Waterside and all of its assets, wherever located, appoint SBA as permanent receiver of Waterside, to serve without bond, for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Waterside, as appropriate.

B.  That this Court determine and adjudicate Waterside's default and noncompliance with the Loan Agreement and Secured Note and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C.  That injunctive relief, both preliminary and permanent in nature, be granted restraining Waterside, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Defendant, wherever located, without the prior written consent of the receiver; or (3) violating the Act or the Regulations promulgated thereunder.

D.  That this Court direct entry of an order against Waterside which also provides that Waterside's license to operate as an SBIC may be revoked upon the wind-up and conclusion of the receivership thereof.

E.  That this Court enter a money judgment in favor of the United States of America on behalf of SBA and against Waterside in the amount of $11,762,634.58, which consists of principal in the amount of $11,700,000.00 plus interest in the amount of $62,634.58 as of October 31, 2013, plus per diem interest accruing until the date of entry of judgment at the rate of $2,021.93 for each day after October 31, 2013, and

7

award post-judgment interest pursuant to 28 U.S.C. § 1961.

F.  That this Court grant the United States of America such other and further relief as may be deemed just and equitable.

Respectfully submitted,

UNITED STATES OF AMERICA

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____
Greg D. Stefan, VSB# 40855
Assistant United States Attorney
Attorney for United States of America
United States Attorney's Office
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone:   (757) 441-6331
Facsimile:   (757) 441-6689
E-mail:      greg.stefan@usdoj.gov


U.S. SMALL BUSINESS ADMINISTRATION

Arlene Embrey
Trial Attorney
Attorney for United States of America
U.S Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6976
Facsimile:   (202) 481-0324
Email:       arlene.embrey@sba.gov

8